LIBERTY & FREEDOM
LEGAL GROUP, LTD

APPLICATION GRANTED
SO ORDERED _____
VERNON S. BRODERICK
U.S.D.J.    3/20/2026

The Clerk of Court is respectfully directed to seal Doc. 1 and Docs. 1-1 through 1-3.  Plaintiff shall refile the Complaint and exhibits with redactions, which shall be the operative Complaint and will be deemed to have been filed on March 19, 2026.

March 20, 2026

**VIA ECF**

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Martinez et al. v. Samuels et al.*, 26-cv-02287 (VSB)

Dear Judge Broderick:

The undersigned represents the Plaintiff in the above-referenced matter, brought under the Individuals with Disabilities Education Act ("IDEA"). In accordance with Your Honor's Individual Rules & Practices, Plaintiff respectfully requests permission to seal the Complaint and its accompanying exhibits, which were inadvertently filed on the public docket without redacting Plaintiff and H.G.M's ("Student's") personally identifiable information. Plaintiff concurrently submits redacted versions of the Complaint and exhibits to be filed on the public docket.

As Your Honor is no doubt aware, although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  Countervailing factors limiting the presumption of access include "the privacy interests of those resisting disclosure." *Id*. at 120 (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)).

While the student in this matter, H.G.M., is twenty-four (24) years old and has reached the age of majority, she remains a "child with a disability" who both requires and receives specialized education services under the IDEA. 20 U.S.C. § 1412(a)(1), 42 C.F.R. § 300.8(a)(1). Courts have expressly recognized that the privacy rationales applicable to minors apply with equal force to incapacitated or vulnerable adults in IDEA actions. As one court has explained, "the reasons for protecting a minor's privacy apply equally to incapacitated adults," as they "might not be able to meaningfully consent to the disclosure of [their] sensitive information" or "look out for their own interests." *S.T. v. Bisignano*, No. 25-3519, 2025 U.S. Dist. LEXIS 196811, at *5 (D.D.C. Oct. 3, 2025).

The legislative framework established by the IDEA and the Family Educational Rights and Privacy Act ("FERPA") further supports this protection. FERPA's protection of a student's records continues once the child reaches the age of majority, requiring the student's consent for disclosure after they turn 18. 34 C.F.R. § 99.5(a)(1). The IDEA similarly requires the protection

646-850-5035  | 105 East 34th Street, #190 New York, NY 10016  | LibertyFreedom.law

of the confidentiality of personally identifiable data. 20 U.S.C. § 1417(c). These protections persist as long as the individual continues to be deemed to be  a "child with a disability" under the Act.

In this case, the initially filed Complaint and exhibits inadvertently contained the full name and deeply personal details of H.G.M., including detailed medical, psychological, and educational records.  Disclosure of this information would meaningfully invade H.G.M.'s privacy and risk lasting harm.  As noted in *S.T. v. Bisignano*, such an individual "deserves the Court's solicitude for the same reasons that a minor does." 2025 U.S. Dist. LEXIS 196811, at *6–7.

Furthermore, the public interest in the disclosure of identifying details in an IDEA action is decidedly weak as these cases turn upon individualized determinations concerning a single student's educational needs rather than issues of public conduct or systemic wrongdoing. See *B.J.S v. State Educ. Department/Univ. of the State of N.Y.,* No. 08-CV-513A(F), 2010 U.S. Dist. LEXIS 11722, at *11 (E.D.N.Y. Feb. 9, 2010).

Sealing the inadvertently filed unredacted documents and replacing them with the concurrently submitted redacted versions is narrowly tailored to satisfy these compelling privacy interests.  The redacted versions conceal only H.G.M.'s full name and other personally identifiable information, including, *inter alia*, her birthday, her OSIS number, and Plaintiff's personal domicile and email address.  Plaintiff furthermore submits that all information redacted in the attached exhibits constitute "sensitive information" and information requiring "caution" under Your Honor's Rule 5.B.i.

Because sealing the unredacted Complaint and exhibits and replacing them with the redacted versions is the most appropriate way for the Court to protect H.G.M.'s compelling privacy interests, comply with the spirit of the confidentiality protections afforded to children with disabilities, and ensure the public right of access to judicial records, Plaintiff respectfully requests that the Court grant this motion.

The Plaintiff reiterates its apologies for the error, and thanks the Court for its courtesy and consideration in this matter.

<div style="margin-left:40%">

Respectfully submitted,
Liberty & Freedom Legal Group
*Attorneys for Plaintiff*

By:  *Jeffrey Arlen Spinner*

Jeffrey Arlen Spinner, Esq.
105 E. 34th Street, No. 190
New York, New York 10016
Tel. (646) 850-5035
jeff@pabilaw.org

</div>